John J. McCall, J.
Petitioner, the public administrator, seeks an order from this court, directing the sale of the real property of the decedent for the purpose of paying debts, it appearing from the petition that the personal property is insufficient for that purpose. Citation has been issued to the Attorney-General inasmuch as it appears the estate of the decedent shall escheat he having died without heirs. With the enactment of section 127 of the former Decedent Estate Law in 1964 as reenacted by EPTL 11-1.1 in 1966, the powers of the administrator to sell realty were equated with those long held by an executor and the sanction of a court order ceased to be a necessity. SOPA 1901 allows the court in its discretion to issue the order despite the statutory power. The obvious purpose of the new law regarding administrators was to expedite the handling of estates and to avoid the needless delay the Legislature apparently felt surrounded the old procedures. The lawmaking unit likewise must have come to the conclusion, also, that a continuation of the old distinction served no practical purpose and that its preservation was not necessary for the protection of rights.
There is nothing here in this petition that indicates to the court that this is a case where the court should exercise its *499 discretion in favor of an order. It is the practice of this court to frown upon the taking of needless steps that saddle an estate with unnecessary expense. In his argument, petitioner’s attorney informed the court that a title searcher feared the Attorney-General would want an order in all escheat cases and he further stated that office believed the administrator’s powers did not reach a case in which the State’s title was involved. Upon death the title to real property never lapses but vests in someone — distributee, specific legatee, residuary legatee, trustee, or in the case of intestate death without heirs the State. However, the title, wherever it is, is subject to divesting by sale for legitimate estate purposes by the fiduciary. Certainly today no distributee or legatee is to be given notice of sale nor must his consent be sought and the State’s title is in no way any better. To require an administrator to obtain an order in escheat cases is to graft upon EPTL . 11-1.1 an exception that is not there. Like any other person interested in the estate, the State is fully protected by accounting requirements and procedures. In any situation such as the present any administrator can give a good title by his deed and the improvisation of a court order is not needed.
In passing on this question this court does not overlook the case of Matter of Clark, (271 App. Div. 691). The petitioner there sought a court order of sale for the purpose of paying administration expenses, debts and distribution and for the best interests of the estate under then section 234 of the Surrogate’s Court Act. The State was a party and objected to the sale. The Surrogate issued the order of sale but the Appellate Division reversed, saying that the personal property was sufficient for debts and therefore an order was not necessary. The appellate court further found no basis in the record for an order based on the best interests of the estate and since it was an escheat case, there was no necessity for distribution. It is the dictum in the decision that is interesting. The court mentioned a 1910 opinion of the Attorney-General which held that the Surrogate could not divest the State of its title by any order except when the State had by statute erred in jurisdiction or consented to be bound. This opinion would give to the State’s title an immunity from the court’s power, under a statute (Surrogate’s Ct. Act, § 234, now SCPA 1902) to order disposition of the real property of the decedent. The Legislature in granting the power to dispose did not exempt the State or reserve the State’s rights; in fact, the State was equated with a private party by the statement in the law that in cases of escheat the State might *500 be made a party, just as any other interested party. The present court is of the opinion that Matter of Clark (271 App. Div. 691, supra) is no binding precedent for the proposition that escheated property is not subject to sale in the absence of consent.
Going back, what the administrator could accomplish before by court order he can now do on his own. If consent of the State was not necessary for the court to act, certainly no requirement for such can be set forth as a limitation under powers of the administrator as established under EPTL 11-1.1.
In the interest of resolving a conflict and at the same time expediting the settlement of this estate, the order sought here is to issue. It is interesting to note that the State’s response to the citation was a routine notice of appearance, an informal request to attorney for the petitioner for a copy of any order.